UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RANDOLPH WILLIAM AREY, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | 2:11-cv-197-JMS-WGH |
| ) | |
| CHARLES LOCKETT - Warden, ) | |
| ) | |
| Respondent. ) | |

**Entry Directing Further Proceedings**

The petitioner's request to proceed *in forma pauperis* is **granted.**

Petitioner Arey is confined within this District and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). He challenges the validity of his conviction entered in the United States District Court for the Western District of Pennsylvania.

The petitioner may have an uphill path to travel in demonstrating that a remedy via § 2241(c)(3) should be available to him. And it is his burden to show that such a remedy is the proper one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir. 1999).

A writ of habeas corpus via § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence in those cases where § 2255 is "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e). A remedy via § 2255 is "inadequate" when its provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that "establishes the petitioner's actual innocence." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

On the basis of the foregoing, therefore, the petitioner shall have **through September 15, 2011,** in which to show cause why this action can proceed under § 2241.

**IT IS SO ORDERED.**

Date: 08/26/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Randolph William Arey
Reg. No. 11751-084
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808