UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| RANDOLPH WILLIAM AREY, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:11-cv-197-JMS-WGH |
| | ) | |
| CHARLES LOCKETT - Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Randolph Arey is confined in this District and seeks a writ of habeas corpus with respect to his conviction entered in the United States District Court for the Western District of Virginia.

After this action was docketed, Arey was given a period of time in which to show cause why this action can proceed under 28 U.S.C. § 2241. He has responded through his filing of October 14, 2011.

Whereupon the court, having considered the petition for a writ of habeas corpus and being duly advised, now finds that the relief sought by the petitioner must be denied and that the action must be dismissed. This conclusion rests on the following facts and circumstances:

1. A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 only if § 2255 "would not … be[ ] adequate to test the legality of the conviction and sentence." *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004); 28 U.S.C. § 2255(e).

2. A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605

(7th Cir. 1998). "A procedure for post conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611. It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

       3.    Arey was convicted of drug and firearms offenses in the United States District Court for the Western District of Virginia. His conviction was affirmed on appeal in *United States v. Arey,* 221 Fed.Appx. 270 (4th Cir. Mar. 8, 2007) (per curiam). The trial court then denied Arey's motion for relief pursuant to 28 U.S.C. § 2255 in *U.S. v. Arey,* 2009 WL 2596611 (W.D.Va. 2009). Arey now seeks habeas corpus relief based on his claim that he was incompetent to stand trial and that the trial court thus lacked jurisdiction over him. The latter proposition would not follow from the former, however, but in any event the former claim was certainly available to Arey in his direct appeal and in his motion for relief pursuant to § 2255.

       4.    Arey states that this court may properly act on his habeas petition because his claim is one which renders the trial court's judgment "void" and because "jurisdictional issues are never waived." The first assertion is entirely incorrect, while the second proposition does not bear a compelling or even a logical relation to the standard established in 28 U.S.C. § 2255(e) in order to proceed with his unlawful conviction claim in this forum and pursuant to 28 U.S.C. § 2241(c)(3).

       5.    "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). This is an appropriate case for such a disposition for precisely the reasons explained above. That is, the petitioner has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**. Judgment consistent with this Entry shall now issue.

       Judgment consistent with this Entry shall now issue.

       **IT IS SO ORDERED.**

Date: 01/19/2012

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana